FILED
United States Court of Appeals
Tenth Circuit

February 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY GORDON,

　　　　Petitioner–Appellant,

v.

ANGEL MEDINA, Warden at Limon
Correctional Facility; JOHN
SUTHERS, actually named as the
Attorney General of the State of
Colorado,

　　　　Respondents–Appellees.

No. 11-1471

(D.C. No. 11-CV-01520-LTB)

(D. Colorado)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Petitioner seeks a certificate of appealability to appeal the district court's

denial of his § 2254 habeas petition. In 1994, a state jury convicted Petitioner of

kidnapping, sexual assault, menacing, and assault. The trial judge sentenced him

to forty years in prison. Petitioner appealed his conviction. The Colorado Court

of Appeals dismissed Petitioner's appeal for failure to correct deficiencies in the

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

notice of appeal. Both the Colorado Supreme Court and United States Supreme Court denied certiorari review.

Petitioner originally filed this pro se habeas petition pursuant to 28 U.S.C. § 2241. The district court determined Petitioner was not asserting claims challenging the execution of his sentence, which would be appropriate under § 2241, but was asserting claims challenging the conditions of his confinement and the validity of his conviction and sentence. Specifically, Petitioner raised three claims: (1) violation of his due process rights in his alleged kidnapping by state officials and torture while incarcerated; (2) denial of access to the courts because his court-appointed attorney participated in constitutional violations against him; and (3) denial of equal protection because he was allegedly poisoned, drugged, and brain-washed. The district court instructed Petitioner to amend his petition to bring his claims pursuant to 28 U.S.C. § 2254. The district court also instructed Petitioner to bring any claims challenging the conditions of his confinement in a separate § 1983 action. Petitioner amended his petition to bring his claims pursuant to § 2254.

To appeal the denial of his habeas petition, Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). A one-year limitations period applies to applications for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). Based on the date Petitioner's conviction became final and the time periods in which the limitations period was not tolled by pending motions, the district court

-2-

held the one-year limitations period had expired. We agree with this holding and have nothing to add to the district court's explanation.

After carefully reviewing Petitioner's brief and the record on appeal, we conclude that reasonable jurists would not debate whether the district court erred in dismissing the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore **DENY** the application for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion to proceed *in forma pauperis* on appeal is **DENIED**.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge